UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARREN WILLIAMS** | **CIVIL ACTION** |
| **versus** | **NO. 07-4148** |
| **N. BURL CAIN, WARDEN,** | **SECTION: "J" (6)** |
| **LOUISIANA STATE PENITENTIARY** | |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Darren Williams, is a state prisoner incarcerated at the Louisiana State Penitentiary, Louisiana. On August 12, 2003, he was convicted of one count of simple burglary and one count of attempted simple burglary.[2] He was sentenced on the former conviction to a term of twelve years imprisonment and on the latter conviction to a term of six years imprisonment.[3] He was subsequently found to be a fourth offender and was resentenced as such on the simple burglary conviction to a term of life imprisonment without benefit of parole, probation, or suspension of sentence. On December 17, 2004, the Louisiana First Circuit Court of Appeal affirmed those the convictions, the habitual offender adjudication, and the sentences.[4]

On or about March 28, 2005, petitioner filed with the state district court an application for post-conviction relief.[5] That application was denied on December 8, 2005.[6]

---

[2] Rec. Doc. 4, Exhibit A (Transcript of August 12, 2003, p. 186). Petitioner was also convicted of a second count of simple burglary; however, that conviction was reversed on appeal and, therefore, is not challenged in this proceeding.

[3] Rec. Doc. 4, Exhibit A (Transcript of September 22, 2003).

[4] State v. Williams, No. 2004 KA 0122 (La. App. 1st Cir. Dec. 17, 2004) (unpublished); State Rec., Vol. I of III.

[5] State Rec., Vol. I of III.

[6] State Rec., Vol. I of III.

Petitioner's related writ applications were denied by the Louisiana First Circuit Court of Appeal on May 15, 2006,[7] and the Louisiana Supreme Court on March 30, 2007.[8]

On July 17, 2007, petitioner filed this federal application for *habeas corpus* relief.[9] In support of his application, he raises the following claims:

    1.    There was insufficient evidence to support petitioner's convictions; and

    2.    Petitioner received ineffective assistance of counsel.

The state concedes that the application is timely and that petitioner exhausted his state court remedies.[10]

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under

---

[7] Rec. Doc. 4, Exhibit D (State v. Williams, No. 2006 KW 0163 (La. App. 1st Cir. May 15, 2006)).

[8] State *ex rel.* Williams v. State, 953 So.2d 63 (La. 2007) (No. 2006-KH-1603); State Rec., Vol. I of III.

[9] The application was originally filed in the United States District Court for the Middle District of Louisiana and was subsequently transferred to this Court.

[10] Rec. Doc. 9, p. 2.

§ 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1); Hill, 210 F.3d at 485.

## Facts

On direct appeal, the Louisiana First Circuit Court of Appeal summarized the facts of this case as follows:

In the early morning hours of March 3, 2002, Bogalusa Police Officer Wendell O'Berry was on patrol in a marked police unit in the City of Bogalusa and responded to a call reporting a possible prowler in the neighborhood. At about 3:30 a.m. he drove past a man walking alone on Borne Avenue in a rural residential neighborhood. The man was carrying a large green shopping bag and was not dressed appropriately for the chilly weather. The officer called for back-up after deciding to stop the individual to ask a few questions. However, by the time he drove around the block to the area where he had seen the suspicious person, the man had disappeared. Officers drove through the neighborhood and did not see the subject walking on any nearby streets. Shortly thereafter, the subject was spotted in another location that he could only have reached by cutting through residential yards. When Officer O'Berry reached the man, he checked the subject's green bag carrying for weapons. He noticed a cell phone, car stereo, screwdriver, change, and a cell phone charger in the green bag. The defendant was advised of his <u>Miranda</u> rights and he indicated that he understood his rights. When questioned, he claimed that the cell phone in the bag was his and that the car stereo belonged to his sister. However, defendant did not know the phone number for the cell phone or the brand of the radio. Although the circumstances seemed suspicious, there was no direct evidence of wrongdoing at that point. However, the routine inquiry showed that there was an unrelated outstanding warrant for defendant's arrest, and he was taken into custody. In the meantime, officers asked him about the names stored in the cell phone. He denied knowing the persons whose numbers were in the phone's address book.

At the police station, defendant was "Mirandized" again. Also, a cigarette containing marijuana was recovered from his person. Defendant claimed that he was walking from Sunset Acres and had turned around and was headed back to Sunset Acres. In the meantime, Office Tervalon had called one of the numbers on the cell phone. The person who answered had caller ID and was able to identify the phone in Officer Tervalon's possession as belonging to his friend, Mike Seals.

Mike Seals received a call from the Bogalusa Police Department at about 4:00 a.m. that morning, advising him that they had possession of his cell phone. When officers arrived at his home, he identified the cell phone and advised that it, along with a considerable amount of change and a burnt out fuse, had been taken out of his truck parked on Borne Avenue. He did not witness the

burglary of his truck, but confirmed that he never gave the defendant authority to enter his vehicle.

After Mike Seals indicated he had no knowledge of the car stereo found in defendant's possession, the officers investigated further. As he drove through the neighborhood, Officer Tervalon spotted a Dodge Neon with a dome light on .... [The vehicle was] located about 200 yards from where defendant was first spotted walking. When he made contact with the owner of [the vehicle], Wayne Holmes, the officers determined that the car stereo had been removed from the Dodge.

Wayne Holmes testified he had risen early that morning to get the newspaper. He noticed the dome light on in his Dodge Neon parked under the carport of his home. Thinking that his wife might have left the door ajar, he shut it and proceeded back into the house. Shortly thereafter, Officer Tervalon knocked and asked whether he was missing anything. Upon checking his vehicle, he discovered that the radio was missing from his Dodge Neon. In addition, there was a cigarette butt in the ashtray. He testified that none of the authorized users of the car smoked. He advised the officer of the brand of the radio that was missing and identified the one seized from the defendant. ... Mr. Holmes did not know the defendant and did not witness the burglary of his [vehicle]. He confirmed that he had not authorized the defendant to enter his [vehicle]. Officer O'Berry positively identified defendant in court as the man police apprehended, who was in possession of the cell phone taken from Seals's Ford truck and the car radio taken from Wayne Holmes's Dodge Neon.

Defendant took the stand in his own defense. He admitted that he was then serving time as a multiple felony offender and admitted to prior offenses of distribution and possession of cocaine, arson, second degree battery, and simple burglary. Defendant claimed he had been visiting a female friend and left her home on foot at about 2:00 a.m. He testified that he saw a young man, with whom he had previously been incarcerated, who was in possession of the green shopping bag later seized from him. He suspected that the contents of the bag were stolen and threatened to call the police if the young man, whose name he could not recall, did not give him the bag. Defendant wanted the contents so he could sell them and buy drugs. He also took change from the young man. He denied smoking, except for the marijuana seized from him upon his arrest.

– 6 –

>   Defendant claimed that he was not the one who burglarized the vehicles in question on March 3, 2002.[11]

## Sufficiency of the Evidence

Petitioner claims that there was insufficient evidence to support his convictions, claims first asserted and denied in the state post-conviction proceedings. Because a sufficiency of the evidence claim presents a mixed question of law and fact, this Court must defer to the state court's decision rejecting petitioner's claims unless he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Taylor v. Day, Civ. Action No. 98-3190, 1999 WL 195515, at *3 (E.D. La. Apr. 6, 1999), aff'd, 213 F.3d 639 (5th Cir. 2000). For the following reason, the Court finds that petitioner has made no such showing.

The United States Fifth Circuit Court of Appeals has noted that claims of insufficient evidence are to be analyzed pursuant to the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979):

>   In considering challenges to the sufficiency of evidence in habeas proceedings, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001) (quoting Jackson, 443 U.S. at 319). "The Jackson inquiry 'does not focus on whether the trier of fact made the *correct* guilt or innocence

---

[11] State v. Williams, No. 2004 KA 0122, at pp. 3-6 (La. App. 1st Cir. Dec. 17, 2004) (unpublished); State Rec., Vol. I of III. The facts relating to the reversed conviction for simple burglary have been omitted.

determination, but rather whether it made a *rational* decision to convict or acquit.'" Santellan, 271 F.3d at 193 (quoting Herrera v. Collins, 506 U.S. 390, 402 (1993)) (emphasis added). Moreover, Louisiana's circumstantial evidence standard requiring that the every reasonable hypothesis of innocence be excluded does not apply in a federal *habeas corpus* proceedings; in these proceedings, *only* the Jackson standard need be satisfied, even if state law would impose a more demanding standard of proof. Foy v. Donnelly, 959 F.2d 1307, 1314 n.9 (5th Cir. 1992); Wade v. Cain, Civil Action No. 05-0876, 2008 WL 2679519, at *6 (W.D. La. May 15, 2008) (Hornsby, M.J.) (adopted by Stagg, J., on July 3, 2008).

With respect to a sufficiency of the evidence claim, the Jackson standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n.16. In the instant case, petitioner was convicted of one count of simple burglary and one count of attempted simple burglary. Louisiana law defines "simple burglary" as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60 [aggravated burglary]." La.Rev.Stat.Ann. § 14:62. On the law of "attempt," the Louisiana Revised Statutes provide, in pertinent part:

> Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

La.Rev.Stat.Ann. § 14:27(A). For the following reasons, the Courts finds that the evidence adduced in the instant case was plainly sufficient to establish the elements of the crimes of which petitioner was convicted.

Petitioner was convicted for the simple burglary of Wayne Holmes' Dodge Neon. Shortly after the crime, petitioner was spotted approximately 200 yards from the vehicle carrying the car's stolen radio in a bag along with other stolen property. Holmes testified that he did not know petitioner and had not authorized him to enter the vehicle. As a matter of state law, that evidence was sufficient to support the conviction. See, e.g., State v. Irvine, 535 So.2d 365, 368 (La. 1988) ("evidence that defendant was caught at the scene of the burglary in process or just completed, with property stolen in the burglary," was sufficient to support simple burglary conviction); State v. Credit, 455 So.2d 1238 (La. App. 4th Cir. 1984). It was also sufficient to support petitioner's conviction as a matter of federal law, in that any rational trier of fact, after viewing that evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt.

Petitioner was also convicted of the attempted simple burglary of Mike Seals' Ford truck. The evidence showed that the bag petitioner was carrying shortly thereafter also contained Seals' cell phone. Seals testified that the phone had been stolen from his truck on Borne Avenue, which was the street on which petitioner was first seen by Officer O'Berry. Seals also testified that

he had not authorized petitioner to enter his vehicle. Again, that evidence was clearly sufficient under both state and federal law to support petitioner's conviction.[12]

Accordingly, this Court finds that petitioner has failed to demonstrate that the state court's decision denying his claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Therefore, applying the AEDPA's deferential standard, the Court likewise rejects the claims.

### Ineffective Assistance of Counsel

Petitioner next claims that his trial counsel was ineffective. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. See Strickland, 466 U.S. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions

---

[12] The jury returned a verdict of only attempted simple burglary, although the evidence was sufficient for the jury to have convicted petitioner of simple burglary. However, that is of no moment. Louisiana law specifically provides: "An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt." La.Rev.Stat.Ann. § 14:27(C).

in light of all the circumstances.  See Strickland, 466 U.S. at 689.  "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690).  Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.  See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.  In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."  Crockett, 796 F.2d at 793.

Petitioner bears the burden of proof when asserting an ineffective assistance of counsel claim.  Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."  Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000).  If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.  Strickland, 466 U.S. at 697.

A claim of ineffective assistance of counsel is a mixed question of law and fact.  Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002).  Therefore, this Court must defer to the state

court determination rejecting such a claim unless petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Id.; see also 28 U.S.C. § 2254(d)(1).

Petitioner claims that his counsel should have requested a special jury charge on the crime of possession of stolen things.  However, petitioner was charged with simple burglary, *not* possession of stolen things.  Further, guilty of possession of stolen things is *not* a responsive verdict to a charge of simple burglary.  La.C.Cr.P. art. 814(44).  Therefore, there simply was no legal basis for the judge to include a jury charge on the crime of possession of stolen things.  Accordingly, counsel was not deficient in failing to request such a charge, and petitioner suffered no prejudice. See, e.g., Wheatley v. Klem, No. 4:CV-06-01230, 2006 WL 3805125, at *5 (M.D. Pa. Dec. 21, 2006) (counsel not ineffective for failing to request a jury charge for which there was no reasonable basis).[13]

---

[13] The Court further notes that counsel could not be considered to have performed deficiently even if it had been a responsive verdict.  It has been noted:

> A decision to forgo a charge on lesser included offenses is strategic in nature. Strategic choices made after reasonable investigation will seldom if ever be found wanting, because we are reluctant to second-guess matters of trial strategy simply because the chosen strategy has failed.

Lake v. Portuondo, 14 Fed. App'x 126, 128 (2nd Cir. 2001) (internal citations and quotation marks omitted); see also United States *ex rel.* Webster v. DeTella, 965 F. Supp. 1124, 1132-33 (N.D. Ill. 1997) ("As for the decision not to offer a jury instruction on a lesser included offense, that is within the realm of trial strategy, an area in which Monday morning quarterbacking is discouraged. ... That [counsel's] strategy misfired is no proof of ineffectiveness; even the best trial attorney may misjudge trial strategy on occasion.").  Further, such a strategy may validly be employed if defense counsel feels that he can establish reasonable doubt with respect to the charged offense:

> Submission of lesser included offenses may give the jury a basis for finding a

Accordingly, this Court finds that petitioner has failed to demonstrate that the state court's decision rejecting his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Therefore, applying the AEDPA's deferential standard, this Court likewise rejects that claim.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Darren Williams be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

---

defendant guilty of a crime where the prosecution was unable to prove the elements of the original crime charged beyond a reasonable doubt. Counsel may have appropriately wished to avoid this possibility and this decision therefore did not constitute ineffective assistance of counsel.

Colon v. Smith, 723 F. Supp. 1003, 1008 (S.D.N.Y. 1989). Additionally, counsel's failure to push for inclusion of a special charge on a lesser offense may result from an equally valid strategic choice to avoid a possible compromise verdict, opting instead to try to obtain a hung jury or an outright acquittal.

- 13 -


New Orleans, Louisiana, this \_\_\_\_18th\_\_ day of September, 2008.

_____
**LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE**